Upon a writ of supersedeas to a judgment entered and confirmed in the clerk’s office of the Fredericksburg district court, in an action of debt on a bond, in which Benjamin Hazlegrove and Stephen Winchester were co-obligors. The writ . was served on Hazlegrove only, for *whom Hill (the plaintiff: in error) became appearance bail. The declaration charged that the defendant Hazlegrove had not paid the debt; but there was no averment that Winchester the co-obligor had not paid it.
This court, for that error, reversed the judgment; and, “proceeding to give such judgment as the district court ought to have given, directed all the proceedings, subsequent to the writ, to be set aside; and the cause to be sent to the superior court of law directed to be held in Spottsylvania county, to be by that court sent to the rules, to be proceeded in from the writ. (2)

 Note. In Smithv. Walker, 1 Wash. 135; Hord’s Executrix v. Dishman, 2 H. &M. 603; Braxton’s Ad-ministratrix v. Hilyard, ante, p. 49; Braxton’s Ad-ministratrix v. Lipscomb, ante, p. 282: Buckner & Wife v. Blair, ante, p. 336; Green v. Dulany, ante, p. 518, and other cases, in which the defendants pleaded to the action, and the declaration was radically defective, the court of appeals reversed the judgments in toto, and entered judgments for the defendants; thé writ, in such cases, being no part of the record, except for the purpose of amending by it unimportant defects in the declaration.
See, also, Payne & Fairfax v. Grim, ante. It was, therefore, considered, that, since there was nothing in the record “upon which to erect future pleadings,” (Smith v. Walker, 1 Wash. 136) the judgment must be reversed in toto. But, in this case, the writ was an essential part of the record; because, withoutit, the judgment, by default, in the clerk’s office, could not be supported. It followed, then, the writ being correct, and "a good foundation upon which to erect future pleadings,” that nothing need be set aside but the erroneous declaration and judgment: and farther proceedings were permitted from the writ. See Glascock v. Dawson, 1 Munf. 609, where, in like manner, the writ of fieri facias was considered part of the record of a judgment, by default, on a forthcoming bond.'
This court, in Shelton v. Pollock, 1 H. & M. 426, appears to have gone farther than in any other case; reversing, in toto, an office judgment, on the ground of a defect in the declaration: probably the authority of Smith v. Walker. 1 Wash. 135, was relied upon, without adverting to the distinction above mentioned. — Note in Original Edition.